IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HOPE DEMETRIC COOPER**                                                  **PLAINTIFF**

V.                                               **CIVIL CAUSE NO. 4:22-CV-118-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Hope Demetric Cooper filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 16. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

## FACTS

The plaintiff filed for benefits on October 22, 2020, alleging onset of disability commencing on October 8, 2020. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on November 19, 2021. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the claimant had the following severe impairments: hypertension, diabetes, migraine headaches, residuals of right thumb trigger finger, and post corona virus (COVID) shortness of breath. The ALJ found she retained the residual functional capacity (RFC)

to perform light work with the following additional limitations: never climb ladders, ropes, or scaffolds, no more than occasional exposure to atmospheric conditions, fumes, dusts, odors, gases, and poor ventilation, and no greater than office lighting in her work environment.

While the plaintiff cannot perform any of her past relevant work, the ALJ found, based on the testimony of the Vocational Expert (VE), that there were other jobs in the national economy that would fit within her RFC. For example, the ALJ found she can work as a recreation aide, a survey worker, and a fingerprint clerk. These two jobs represent 30,000, 30,000, and 45,000 jobs respectively in the national economy.

## ANALYSIS

The plaintiff asserts the ALJ erred in failing to properly consider all the record evidence related to her headaches and dyspnea. The ALJ considered the plaintiff's migraine headaches to be a severe impairment and noted her testimony that her medications did not help. While treatment notes indicated some relief with over-the-counter medications, the ALJ "added limitations on office lighting to accommodate [the plaintiff's] migraine headaches." The plaintiff contends the ALJ's evaluation of her headaches ignores their chronic and frequent nature as well as the aggravating effects of noise and stress on her symptoms. The Commissioner responds that the objective medical evidence does not support the need for time off task or absenteeism citing normal examination findings and normal brain magnetic imaging. With respect to the plaintiff's subjective complaint that her headaches are aggravated by "noise and stress," the Commissioner contends the ALJ accounted for the limitations which were corroborated by the objective medical evidence.

The court agrees that there is simply no objective medical evidence to support the plaintiff's contention that the ALJ should provided for time off task and absenteeism in the RFC.

While the record documents treatment for the plaintiff's headaches, including with a neurologist in 2021, examination findings were normal, and the plaintiff indicated over-the-counter medications helped relieve her symptoms. Her complaint regarding the aggravating effects of noise and stress is only documented once in the record and is not corroborated by any objective medical evidence. Substantial evidence exists in the record to support the ALJ's findings with respect to her migraine headaches, and a more restrictive RFC is not warranted.

Next, the plaintiff argues the ALJ's assessment of her dyspnea failed to consider records evidencing frequent episodes and moderately severe symptoms including productive cough and wheezing. The plaintiff contends this is relevant because, had she been reduced to a sedentary RFC *and* had the ALJ applied the GRID rules non-mechanically, she *could* have been deemed disabled. This court's review is constrained by a showing of substantial evidence supporting the ALJ's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). It cannot "reweigh the evidence in the record […] or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The ALJ thoroughly discussed the plaintiff's shortness of breath and treatment history including "records indicat[ing] that her dyspnea had stabilized." The ALJ discussed her initial abnormal chest x-rays and decreased air movement but noted records documenting subsequent improvement and a normal respiratory exam in September 2021. Nevertheless, the ALJ included "pulmonary limitations to accommodate [the plaintiff's] post COVID shortness of breath." The court cannot reweigh the evidence or substitute its judgment for the Commissioners and so long as substantial evidence supports the ALJ's findings, as it does here, they must be affirmed. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 10th day of March, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**